_____

In Re: **DEBORAH L. GRIFFIN**

                             Debtor.

_____

**DEBORAH L. GRIFFIN,**

                           Plaintiff,

vs.

**NATIONAL DEBT RELIEF LLC**,

                           Defendant.

_____

Case No. 25-47309-MAR
Chapter 13

Honorable **Mark A. Randon**

Chapter 13
Adversary Proceeding No.

## ADVERSARY COMPLAINT TO AVOID FRAUDULENT TRANSFERS, FOR DAMAGES PURSUANT TO THE MICHIGAN DEBT MANAGEMENT ACT, AND FOR DAMAGES UNDER THE MICHIGAN CONSUMER PROTECTION ACT

Plaintiff, Deborah L. Griffin ("Plaintiff"), pursuant to 11 U.S.C. §548, 11 U.S.C. §544(b)(1) and M.C.L. §566.34(1), 11 U.S.C. §550(a), the Michigan Debt Management Act, M.C.L. 451.411, *et. seq*. ("Debt Management Act") and the Michigan Consumer Protection Act, M.C.L. 445.901, *et. seq*. ("MCPA"), complaining of the above captioned Defendant National Debt Relief LLC ("Defendant"), by and through her undersigned attorneys, alleges as follows:

### JURISDICTION AND VENUE

1. Pursuant to Fed. R. Bankr. P., Rule 7008, this Adversary Proceeding arises out of and is related to the above captioned Bankruptcy Case No. 25-47309-MAR, filed herein on July 21, 2025. Plaintiff consents to the entry of a Final Order or Judgment herein by the Bankruptcy Court.

2. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(H).

3. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§157 and 1344.

4. This Court has supplemental jurisdiction under Plaintiff's' claims under the Michigan Debt Management Act and the Michigan Consumer Protection Act pursuant to 28 U.S.C. §1367, as such claims are so related to Plaintiff's other claims herein under the U.S. Bankruptcy Code, that they form part of the same case or controversy.

5. Venue is proper in this Court for this Adversary Proceeding pursuant to 28 U.S.C. §1409.

## PARTIES

6. Plaintiff, Deborah L. Griffin is the Debtor in the above captioned Chapter 13 Bankruptcy Case No. 25-47309-MAR.

7. Defendant, National Debt Relief LLC, is a foreign limited liability company organized under the laws of the New York, with its principal address located at 180 Maiden Lane, 30th Floor, New York, New York 10038.

8. Defendant is authorized to conduct business in the State of Michigan.

9. Defendant's Resident Agent and address for service of process is: Business Filings Incorporated, 40600 Plymouth Road, Suite 201, Plymouth, MI 48170.

## GENERAL ALLEGATIONS

10. Defendant provides debt management services, as defined by Sec.2.(e) of the Debt Management Act, to 1 or more residents of the State of Michigan.

11. Defendant is not licensed under the Debt Management Act as required by such Act.

12. On or about May 27, 2023, Plaintiff entered into an agreement ("Agreement") and enrolled in a program with Defendant, generally under the terms of which Defendant was to engage in negotiations, settlement and debt reduction services with Plaintiff's various creditors, with the objective to enable Plaintiff to reduce and eliminate her debt.

page 2 of 7, Adversary Complaint vs. National Debt Relief LLC

26-04189-mar    Doc 1    Filed 06/15/26    Entered 06/15/26 15:04:22    Page 2 of 7

13. The Plaintiff was enrolled in the program under Agreement with Defendant for a period of approximately twenty-four (24) months ("Enrollment Period") prior to the date Plaintiffs filed her Chapter 13 Petition herein on July 21, 2025.

14. During the Enrollment Period, Plaintiff made payments to Defendant totaling $5,504.50 ("Payments").

15. Defendant made intentional and false representations to Plaintiff to induce Plaintiff to enter in the Agreement and enroll in the program under the Agreement.

16. Such intentional and false representations included but are not limited to representations that: Defendant would negotiate and settle Plaintiff's debts for significantly less than the amounts owed by Plaintiff; that such process would be concluded in a specific and timely manner; that effectively all Plaintiff's creditors would work with Defendant on behalf of Plaintiff and participate in settling Plaintiff's debts for meaningful or material reductions; and that collection actions by Plaintiff's creditors would cease while Plaintiff' made payments to Defendant under the Agreement.

17. Additionally, upon information and belief, Defendant received or was to receive "kick-backs" from Plaintiff's creditors, which Defendant intentionally did not disclose to Plaintiff, and which omission was an intentional violation of Defendant's duties to Plaintiff.

18. Such intentional and false representations and omissions were made by Defendant to deceive Plaintiff, and have caused significant damage to Plaintiff.

19. During and pursuant to the Enrollment Period and the Payments made to Defendant, Plaintiff received no material benefit or reduction of her debts in a timely manner, nor did she receive any other monetary or other benefit.

20. Defendant has retained all the Payments made to Defendant, and Plaintiff has received no reimbursement whatsoever of the Payments made to Defendant.

page 3 of 7, Adversary Complaint vs. National Debt Relief LLC

26-04189-mar    Doc 1    Filed 06/15/26    Entered 06/15/26 15:04:22    Page 3 of 7

**COUNT I**

**AVOIDANCE OF TRANSFERS PURSUANT TO 11 U.S.C. 548(a)(1)(B)**

21. Plaintiff restates and incorporates herein by reference the allegations contained above paragraph nos. 1. through 20., inclusive.

22. The transfer of the Payments ("Transfer" or "Transfers") by Plaintiff to Defendant constituted an interest of the Plaintiff as Debtor in property.

23. The Transfers occurred with two (2) years before the Debtor's July 21, 2025, Petition filing date herein.

24. Plaintiff as Debtor received less than reasonably equivalent value in exchange for the Transfers.

25. Debtor was insolvent on the dates of the Transfers or became insolvent as a result of such Transfers.

26. The Transfers are avoidable pursuant to 11 U.S.C. 548(a)(1)(B).

**WHEREFORE**, pursuant to Count I of Plaintiff's Complaint, Plaintiff prays that this Honorable Court enter judgment against Defendant on Count I of Plaintiff's Complaint, in the amount of $5,504.50, and determine that all monies paid to Defendant by Plaintiff are preferential transfers and shall be avoided pursuant to 11 U.S.C. 548(a)(1)(B).

**COUNT II**

**AVOIDANCE OF TRANSFERS PURSUANT TO**
**11 U.S.C. §544(b)(1) AND M.C.L. §566.34(1).**

27. Plaintiff restates and incorporates herein by reference the allegations contained above paragraph nos. 1. through 26., inclusive.

28. A creditor of Plaintiff as Debtor, exists holding an allowed unsecured claim that may avoid the Transfers under applicable laws of the State of Michigan.

29. The Transfers occurred within the six (6) years before the Debtor's July 21, 2025, Petition filing date herein.

page 4 of 7,  Adversary Complaint vs. National Debt Relief LLC

26-04189-mar    Doc 1    Filed 06/15/26    Entered 06/15/26 15:04:22    Page 4 of 7

30. Plaintiff as Debtor received less than reasonably equivalent value in exchange for the Transfers.

31. Debtor was insolvent on the dates of the Transfers or became insolvent as a result of such Transfers.

32. The Transfers are avoidable pursuant to 11 U.S.C. §544(b)(1) and M.C.L.§566.34(1).

**WHEREFORE**, pursuant to Count II of Plaintiff's Complaint, Plaintiff prays that this Honorable Court enter judgment against Defendant on Count II of Plaintiff's Complaint, in the amount of $5,504.50, and determine that all monies paid to Defendant by Plaintiff are preferential transfers and shall be avoided pursuant to 11 U.S.C. §544(b)(1) and M.C.L.§566.34(1).

**COUNT III**
**AVOIDANCE OF TRANSFERS PURSUANT TO 11 U.S.C. §550(a)**

33. Plaintiff restates and incorporates herein by reference the allegations contained above paragraph nos. 1. through 32., inclusive.

34. Defendant is the initial transferee of the Transfers.

35. Defendant is the person for whose benefit the Transfers were made.

36. Pursuant to 11 U.S.C. §550(a), Plaintiff is entitled to possession of the property whose transfer is avoided under 11 U.S.C. §544(b)(1), or the value thereof, from the initial transferee or the person for whose benefit the Transfer was made.

**WHEREFORE**, pursuant to Count III of Plaintiff's Complaint, Plaintiff prays that this Honorable Court enter judgment against Defendant on Count II of Plaintiffs' Complaint, in the amount of $5,504.50, and determine that all monies paid to Defendant by Plaintiff are transfers which shall be avoided pursuant to 11 U.S.C. §550(a).

**COUNT IV**
**VIOLATION OF THE MICHIGAN DEBT MANAGEMENT ACT**

37. Plaintiff restates and incorporates herein by reference the allegations contained above paragraph nos. 1. through 36., inclusive.

page 5 of 7, Adversary Complaint vs. National Debt Relief LLC

26-04189-mar   Doc 1   Filed 06/15/26   Entered 06/15/26 15:04:22   Page 5 of 7

38. Upon establishing a debt management plan for Plaintiff, Defendant has charged Plaintiffs and received more than $50.00 as an initial fee, in violation of Debt Management Act, M.C.L. 451.423, Section 13.(1).

39. Under the terms of the Agreement Defendant failed to include and identify the principal amount and approximate interest charges of the Plaintiff's obligations to be paid under the debt management plan, in violation of the Debt Management Act, M.C.L. 451.424, Section 14. (1)(d).

40. Defendant failed to distribute to the creditors of Plaintiff, at least monthly, all money received from Plaintiff except for 1 or more monthly fees, in violation of the Debt Management Act M.C.L. 451.424, Sec.14(2).

41. By the terms of the Agreement or as administered by Defendant, Defendant has charged Plaintiff fees of twenty-five percent (25%) of the debt to be liquidated under the debt management plan, which is in excess of the fifteen percent 15% limit permitted by the Debt Management Act and in violation of the Debt Management Act, M.C.L. 451.428, Section 18.(1).

42. Upon information and belief, Defendant received or was to receive "kick-backs" from Plaintiff's creditors, which Defendant intentionally did not disclose to Plaintiff, and which omission was an intentional violation of Defendant's duties to Plaintiff, and was in violation of the Debt Management Act, M.C.L. 451.429, Section 19.(h).

43. Defendant failed to disclose to Plaintiff that it would take large portions of its payment of fees from the payments made to Defendant before paying Plaintiff's creditors, and as such constituted a scheme or artifice to defraud Plaintiff, in violation of the Debt Management Act M.C.L. 451.429, Section 19.(i).

44. Defendant failed to obtain a license under the Debt Management Act in violation of the Debt Management Act, M.C.L. 451.414, Section 19(1). As such, the Agreement between the Plaintiffs and Defendant is null and void.

**WHEREFORE**, pursuant to Count IV of Plaintiff's Complaint, Plaintiff prays that this Honorable Court declare the Agreement between Defendant and Plaintiff to be null and void, and enter judgment against Defendant in the amount of $5,504.50, plus reasonable attorney fees and costs.

<u>COUNT V</u>

<u>VIOLATION OF THE MICHIGAN CONCUMER PROTECTION ACT</u>

45. Plaintiff restates and incorporates herein by reference the allegations contained above paragraph nos. 1. through 44., inclusive.

46. Defendant's aforesaid acts were unfair, unconscionable or deceptive methods of conducting business in violation of the prohibited practices in violation of the Michigan Consumer Protection Act, M.C.L. 445.903(a)-(kk).

**WHEREFORE**, pursuant to Count V of Plaintiff's Complaint, Plaintiff prays that this Honorable Court enter judgment against Defendant herein for each violation of the MCPA, for statutory or actual damages, whichever is greater, plus reasonable attorney fees and costs.

dated: <u>June 15, 2026</u>                             ***/s/ Samuel G. Firebaugh***

Samuel G. Firebaugh (P-34276)
Firebaugh & Andrews, P.L.L.C.
Attorneys for Plaintiff
38545 Ford Rd, Suite 104
Westland, MI 48185
(734) 722-2999
firebaughandrews@comcast.net

page 7 of 7,  <u>Adversary Complaint vs. National Debt Relief LLC</u>

26-04189-mar   Doc 1   Filed 06/15/26   Entered 06/15/26 15:04:22   Page 7 of 7